**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30901
Summary Calendar

CHARLES GUIDEN,

Plaintiff-Appellant

v.

H WILSON; T HENRY; ANTHONY GAINES; T NAPLES; WILLIAM KLINE;
D BUTLER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-370

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Guiden, Louisiana prisoner # 291360, appeals the dismissal of his civil rights action. The district court granted summary judgment in favor of several defendants who denied Guiden's demand for emergency medical attention on a weekend. Guiden was complaining of an infected boil on his head and associated headaches.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guiden argues that the defendants were deliberately indifferent to his need for medical treatment. He contends that the defendants violated a policy in the inmate handbook by denying his demands for immediate medical attention.

A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Guiden's argument that the defendants showed deliberate indifference by failing to adhere to prison policy does not establish a constitutional violation and does not show error on the part of the district court in granting summary judgment on his denial-of-medical-care claim. *See id.*

To the extent that Guiden argues that, independent of any alleged violation of prison policy, the defendants violated his Eighth Amendment rights by failing to order emergency medical care, he has not shown that the district court erred in granting summary judgment. Medical care was provided to Guiden on Monday, and, under the facts of this case, the refusal of the defendants to order emergency attention for Guiden over the weekend does not "clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Guiden also argues that the district court erred by granting summary judgment in favor of the defendants on his equal protection claim. Guiden, who is black, points to evidence showing that, three months after he was denied emergency medical care, a white inmate received emergency medical attention on a weekend upon complaining of a headache. Guiden has not come forward with any evidence to establish that the defendants in this action treated him differently due to his race and that the unequal treatment stemmed from discriminatory intent. *See Hampton Co. Nat. Surety, LLC v. Tunica County, Miss.*, 543 F.3d 221, 228 (5th Cir. 2008). He has not shown that the district court erred in granting the defendants' summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

2

The judgment of the district court is affirmed. Guiden's motion to supplement the record is denied.

AFFIRMED; MOTION DENIED.